IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**BO HUDSON**                                                                                           **PLAINTIFF**

v.                         Case No. 4:18-CV-00421-Y

**FTS INTERNATIONAL SERVICES, LLC.**                                      **DEFENDANT**

## COMPLAINT

### I. INTRODUCTION

1. Defendant FTS International Services ("FTSI") is a private well completion company that operates throughout North America. FTSI provides customized hydraulic fracturing and wireline services to extract oil and natural gas from wells. FTSI employed Bo Hudson as a Service Supervisor in its fracking division. Hudson regularly worked 40 or more hours in a single workweek but was not paid for any overtime work. Instead, FTSI willfully misclassified Hudson as exempt from the Fair Labor Standards Act. Hudson's job duties do not fit within any exemption to the FLSA's overtime requirements. Hudson brings this action to recover unpaid overtime, liquidated damages, attorneys' fees and expenses, and any other relief the Court deems just and proper.

## II. Parties, Jurisdiction, and Venue

2. Bo Hudson is a citizen of Wilson County, Texas. He was formerly employed as a Service Supervisor for FTSI from approximately June 2014 until September 2015 and classified as an exempt employee.

3. Hudson filed a consent to join *Garcia, et al. v. FTS International Services, LLC*, Case No. 4:15-cv-00963-Y on August 17, 2016. On June 1, 2018, Hudson's claim was severed from the *Garcia* litigation into this proceeding. During the three years preceding the filing of his consent to join in *Garcia*, he had worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation.

4. Defendant FTS International Services, LLC's corporate offices are located at 777 Main Street, Suite 2900, Fort Worth, Texas 76102. FTSI performs oil completion and wireline projects throughout the United States and was Hudson's employer within the meaning of the Fair Labor Standards Act.

5. This Court has jurisdiction over Hudson's claims pursuant to 29 U.S.C. § 201, *et seq.*, under 29 U.S.C. § 216 and 28 U.S.C. § 1331.

6. Venue lies within this district, pursuant to 28 U.S.C. § 1391, because the defendant is a resident of this judicial district.

## III. Facts

7. At all pertinent times, FTSI has been engaged in activities and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of

sales made or business done of not less than $500,000.00, and therefore, constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA Section 3(r) and (s), 29 U.S.C. § 203(r) and (s).

8. FTSI is or was, at all relevant times, Hudson's "employer" as that term is defined by 29 U.S.C. § 203(d).

9. Hudson is or was an "employee" of FTSI as that term is defined by 29 U.S.C. § 203(e).

10. FTSI performs well completion services at oil and gas wells located throughout the United States. To perform these services, FTSI employs different types of employees to install equipment, perform fracking activities, operate wireline equipment, monitor the operations, and uninstall and load up equipment. Included in the list of employees that perform these tasks are Service Supervisors.

11. As a Service Supervisor in FTSI's fracking department, Hudson's primary duty was manually rigging up the equipment necessary to perform the well completion services, perform the fracking activities, and then rigging down the equipment. Hudson did not have management functions as his primary job duty.

12. Hudson did not have the authority to hire or fire employees, and his suggestions and recommendations regarding hiring, firing, advancement, promotion or other change in status were not given particular weight.

13. Hudson's work as a Service Supervisor consisted primarily of difficult manual labor, including working outside in the elements and operating the equipment necessary to perform the job.

14. FTSI classified Hudson as an exempt employee and did not pay him overtime.

15. Hudson worked long hours and his shifts typically ranged between 15-18 hours each day. Excluding any weeks in which he did not work, Hudson nearly always worked over 40 hours per week. He sometimes worked as much as 100-120 hours per week.

16. Hudson worked 40 or more hours in at least one or more workweeks during the three years prior to the date he filed a consent to join in *Garcia, et al. v. FTS International Services, LLC*, Case No. 4:15-cv-00963-Y on August 17, 2016. FTSI did not pay him an overtime premium when he worked more than 40 hours. Hudson is entitled to payment for any hours worked over 40 in a workweek at one-and-a-half times his regular rate of pay.

17. In *Garcia*, the Court previously determined that Hudson was not exempt under the FLSA's administrative exemption or highly-compensated-employee exemption. *See Garcia, et al. v. FTS International Services, LLC*, Case No. 4:15-cv-00963-Y (Doc. 192).

18. FTSI willfully violated the FLSA when it classified Hudson as an exempt employee. Before FTSI classified Hudson as exempt, the Company had been a party to prior litigation of the same and similar issues, and FTSI knew its classification decision likely violated the FLSA. *See, e.g., Smith v. Frac Tech Servs.*, No. 4:09-cv-000679-JLH (E.D. Ark. 2009). In January 2016, after *Garcia, et al. v. FTS International Services, LLC* was filed, FTSI reclassified its Service Supervisors as non-exempt employees.

## IV. COUNT I:
## FLSA: FAILURE TO PAY OVERTIME

19. Hudson realleges and incorporates by reference all paragraphs above as if they were set forth herein.

20. The FLSA requires an employer to pay its employees overtime compensation of at least one-and-a-half times their regular rate for time worked in excess of 40 hours per week.

21. Hudson regularly worked in excess of 40 hours per week.

22. Despite regularly working in excess of 40 hours per week, Hudson has not been paid overtime compensation for hours worked in excess of 40 hours per week.

23. FTSI violated the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by failing to pay Hudson overtime.

24. Upon information and belief, FTSI knew or should have known that Hudson did not meet the requirements for the executive, administrative, or other exemptions to the FLSA during his time as a Service Supervisor, and therefore, FTSI was required to pay him overtime compensation when he worked in excess of 40 hours per week. FTSI's decision to not pay Hudson overtime compensation was neither reasonable nor in good faith. FTSI willfully violated the FLSA.

25. FTSI did not maintain and preserve payroll or other records showing the number of hours worked each workday and total hours worked each workweek by its Service Supervisors, including Plaintiff. As a result, Hudson is entitled to prove his damages as a matter of just and reasonable inference.

26. Pursuant to 29 U.S.C. §§ 207, 216, FTSI owes Hudson compensation for overtime work including any back wages owed for overtime work. FTSI also owes him an additional amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## V. Prayer for Relief

WHEREFORE, Plaintiff Bo Hudson respectfully requests this Court:

a. Enter a declaratory judgment that the practices complained of herein are unlawful under Federal law;

b. Enter an Order for complete and accurate accounting of all the compensation to which he is entitled;

c. Award him compensatory damages in an amount equal to his unpaid overtime wages from August 17, 2013, through the date of trial;

d. Award him liquidated damages in an amount equal to his compensatory damages;

e. Award him all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest; and

f. Grant him all such further relief as the Court deems just and appropriate.

## VI. Jury Demand

Hudson demands a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

        Respectfully submitted,

        HOLLEMAN & ASSOCIATES, P.A.
        1008 West Second Street
        Little Rock, Arkansas 72201
        Tel. 501.975.5040
        Fax 501.975.5043

By:   */s/ John Holleman*
        John T. Holleman, *pro hac vice*
        Texas Bar No. 24014806
        jholleman@johnholleman.net
        Timothy A. Steadman, *pro hac vice*
        Arkansas Bar No. 2009113
        tim@johnholleman.net

## CERTIFICATE OF SERVICE

I certify that on June 8, 2018, a true and correct copy foregoing was filed via CM/ECF, which will send notification to all attorneys of record.

*/s/ John Holleman*
John T. Holleman, *pro hac vice*
Texas Bar No. 24014806
jholleman@johnholleman.net